(18 Misc. Rep. 16)

### SCHUSTER v. GANZENMULLER.

(Supreme Court, Appellate .Term, First Department. September 28, 1896.)

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE.
The appellate term of the supreme court cannot, on appeal from an affirmance by the general term of the New York city court, consider the weight of evidence.

2. WITNESS—IMPEACHMENT.
In an action for commissions on a sale of real estate the purchaser's agent in the transaction may, on cross-examination, be asked, for the purpose of proving that he made statements out of court contradictory to his testimony, whether he remembered having been questioned at the time he made the contract of purchase, as to his authority, and whether or not there was a broker in the sale.

Appeal from city court of New York, general term.

Action by Frederick Schuster against August Ganzenmuller for broker's commissions. A judgment in favor of plaintiff was affirmed by the city court (40 N. Y. Supp. 1148), and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

John Fennel, for appellant.

L. J. Morrison, for respondent.

BISCHOFF, J. This is an action for broker's commissions, claimed upon a sale of real estate owned by the defendant, and the sole issue litigated at the trial was whether or not the plaintiff was the procuring cause of the sale, it having been admitted that, should he establish this fact, a recovery should result. There was evidence in support of the conclusion reached by the jury .that the plaintiff was the procuring cause; therefore the court properly refused to dismiss the complaint, and, since the judgment was affirmed by the general term, we must now hold the case to have been correctly determined upon the facts. Carney v. Reilly (handed down herewith) 40 N. Y. Supp. 1123.

However, while the exceptions taken to rulings upon evidence and upon requests to charge are in most instances found to be without merit, one appears which we think must call for a new trial. This exception was taken to the exclusion of a question asked the plaintiff's witness Volkenning (the purchaser's agent through whom the transaction was conducted with the defendant) on cross-examination, as follows: "Q. Do you remember, at the time you made. the contract for this property, two questions were asked of you, one relating to your power to sign for your wife, and the other ques-

tion relating to whether or not there was a broker in the sale?" It is claimed that the object of this question was to prove a statement made out of court by the witness contrary to his own testimony, in so far as such testimony tended to show that the sale was induced by the plaintiff's efforts; and we think that it should have been allowed. The question was not misleading in its form, and the appellant was entitled to bring out the fact from this witness, if he could, that the latter had made a statement out of court in contradiction of his testimony at the trial; or, if the witness denied making the statement, to thus lay the foundation for his impeachment by other witnesses upon the point. The issue with regard to which this statement was claimed to have been made was certainly material. It was the sole issue before the court, and the testimony of this witness, Volkenning, in favor of the plaintiff, was the principal evidence in support of the case. We conclude that the ruling was clearly to the prejudice of the appellant, and that there should be a new trial of the cause.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.